## Estate of Charles Baeder, deceased. Appeal of Albert E. Kruse.

*Wills—Trusts and trustees—Discretion of trustee—Spendthrift trust.*

Testator directed as follows: "I direct my trustees to pay to each of my sons as they respectively attain twenty-one years of age five thousand dollars ; and on their attaining twenty-five years of age I empower my trustees to pay or transfer to them respectively such further sum or property as shall, together with the amount theretofore received by them from myself as an advancement or under this will, amount to the half of their share in my estate; the same being divided into as many shares as there are children or the issue of deceased children. This power is to be exercised either in the whole or partially and from time to time as my trustees shall deem proper looking to the habits, condition and circumstances of my said sons respectively. The residue of the share of my sons shall be retained by my trustees " upon a strict spendthrift trust. If a son died without issue the share " held in trust " was to be a part of the residue of the testator's estate. After one of the sons had reached the age of twenty-five the trustees exercised their discretion adversely to paying him any portion of the principal of the estate. *Held*, that the portion of the estate over which the trustees had discretionary power became, after their adverse action, a portion of the spendthrift trust, and was not subject to an attachment by a creditor of the son.

Argued Feb. 2, 1898. Reargued Jan. 31, 1899. Appeal, No. 577, Jan. T., 1896, by Albert E. Kruse, from decree of O. C. Montgomery Co., Oct. T., 1896, No. 101, overruling exceptions to auditor's report. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ., on argument. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ., on reargument. Affirmed.

Exceptions to report of auditor, Montgomery Evans, Esq.

The facts appear in Baeder's Estate, ante, p. 606, and in the opinion of the Supreme Court.

The court held that Henry H. Baeder did not take an absolute interest in the advancement of one half of the estate under the fifth clause of his father's will, and that, therefore, the attachment execution issued against Henry did not bind said half in the hands of the trustee.

*Errors assigned* were in dismissing exceptions to auditor's amended report.

*Edward S. Sayres,* for appellant.

*Richard C. Dale,* with him *James P. Townsend, William Henry Lex* and *George Junkin,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, April 10, 1899:

The testator left his estate to trustees, giving each child an equal share and as to the sons, providing: " Fifth. I direct my trustees to pay to each of my sons as they respectively attain twenty-one years of age five thousand dollars; and on their attaining twenty-five years I empower my trustees to pay or transfer to them respectively such further sum or property as shall, together with the amount theretofore received by them from myself as an advancement or under this will, amount to the half of their share in my estate; . . . . This power is to be exercised either in the whole or partially and from time to time as my trustees shall deem proper, looking to the habits, condition and circumstances of my said sons respectively. The residue of the share of my sons shall be retained by my trustees," etc., in strict spendthrift trust. The controversy arises over the meaning of "residue" in the last sentence. The general intent and effect of the will upon the share of a son who died after attaining the age of twenty-five, but before the exercise of the discretion of the trustees, one way or the other, on the subject of payment to him, was considered and determined in Baeder's Estate, Baeder's Appeal, ante, p. 606. We now have the same question under a different state of facts. One of the sons, Henry H. Baeder, is living, above the age of twenty-five years, and has received the $5,000 payable at twenty-one and some other small payments, but as to him the trustees have declared that it is not in their judgment expedient to pay any further portion of his share. The appellant is a creditor who attached the unpaid balance of one half Henry's share. The auditor and court below held that the attachment took nothing. We thus have the question of the effect of the exercise of the discretion given to the trustees.

The effect of the fifth clause above quoted was to divide the share of each son into three parts with different duties upon the trustees as to each. Five thousand dollars were to be paid at twenty-one, and so much of the trust ended. Another part,

not less than one half, was put in strict trust.  As to both of these parts there was no discretion in any one, the direction was mandatory.  But between these parts was the balance of the share, whose position was indeterminate to the extent that it was neither given in present possession nor withheld absolutely. As to it there was clearly an active trust, with the duty of the trustees to pay the income to the son, and from time to time such portions of the principal as they should deem expedient in view of his habits and circumstances.  So long as their discretion was not exercised this part of the share remained under what may be called the second trust.  If they exercised their discretion favorably and paid over any portion, clearly that passed out of their further control, and became part of the son's general estate.  But if they decided adversely, that they would not pay, it seems equally clear that for the time being, at least, that portion was no longer under the second but passed into the final or spendthrift trust, and neither the son nor his creditors could obtain any grasp or hold upon it.  This seems the logical and necessary result of the discretionary power lodged in the trustees by the testator.

Decree affirmed as to this appellant at appellant's costs.