(Court of Appeal, Parish of Orleans.)

## STATE ex rel CITY OF NEW ORLEANS vs. HON. JOHN ST. PAUL, JUDGE DIV. "C." AND MORRIS FEITEL.

A mandamus will not be granted to compel a Judge to rescind an order of appeal unless he has transcended the bounds of his jurisdiction or of his judicial power. The remedy is on motion to dismiss in proper season for which a mandamus to vacate cannot be substituted.

Appeal from Civil District Court, Division "C."

Samuel L. Gilmore, City Attorney.

St. Clair Adams, Assistant City Attorney.

MOORE, J. Relator seeks by the process of mandamus to compel the Judge of Division "C" o fthe Civil District Court of the Parish of Orleans to "vacate, cancel and annul" an order granting a suspensive appeal from an interlocutory decree dissolving a writ of injunction on bond under the provisions of Art. 307 C. P., in a cause pending in that Court and within the appellate jurisdiction of this Court.

The application is predicated on the fact that as the injunction was dissolved on bond forasmuch as it is affirmatively shown on the face of the petition that the act prohibited by the injunction is such as could inflict no injury not compensable in money, neither could the interlocutory order of dissolution work an irreparable injury, hence no appeal could lie therefrom.

On *ex parte* showing an alternative writ of mandamus was sent out directing the respondent Judge to comply with the demand of relator, or to show cause to the contrary on a day fixed why the relief sought should not be granted; ordering, in the meanwhile, the further proceedings in the execution of the order of appeal complained of be stayed.

For return the respondent Judge "submits the subject matter of the writ herein sued out and of the order herein complained of for such action as may seem just and proper in the premises," and the plaintiff in the injunction suit, Maurice Feitel makes return to the effect: First, that the relator has

abandoned its mandamus proceedings by itself filing the transcript of appeal and moving to dismiss; and Second, that no mandamus will lie to control the action of the lower Judge in granting an order for suspensive appeal, even if it should be that the appeal could be dismissed when the transcript is filed.

There is no merit in the contention that the instant application for mandamus has been abandoned.

Article 590 of the Code of Practice specifically authorizes an appellee to obtain a copy of the record and to bring it up to the Appellate Court and to pray for judgment or for the dismissal of the appeal in the same manner as if the record had been brought up by the appellant.

It may be conceded that if the relator had prayed for judgment on the appeal, this would have been an acquiescence on its part of the appealable character of the judgment, or interlocutory decree, complained of; and, as the negative of the right of appeal is made the basis for the application for mandamus, the subsequent change of position might be construed as an abnegation of the prior contention and, consequently, as an abandonment of all proceedings based thereon.

But the relator did not pray for judgment. The prayer was for the dismissal of the appeal, and the cause assigned therefor was identical with that alleged as reasons why the mandamus should issue.

It can not be doubted that if the record had been brought up to the Appellate Court by the Appellant, instead of by the Appellee, the filing of the motion to dismiss could not then be considered as an abandonment of the mandamus proceedings. What difference then can it make whether the motion to dismiss is made upon the record being brought up by one, or by the other, in view of the fact that the law accords the right to the appellee as well as to the appellant, to bring it up and, in either event, permits the appellee to move to dismiss?

The ground secondly urged why the mandamus should not issue has the support of authority and is, therefore, well taken.

In State ex rel Dodeman vs. Judge etc. 14 An. 60 and again in State ex rel Forsythe et al vs. Judge etc. 42 A. 1104-1110, it is held, in cases similar to the one at bar, that a mandamus

'will not be granted to compel a Judge to rescind an order granting an appeal, unless the Judge has transcended the bounds of his jurisdiction or of his judicial power, which is not the case here; and that the remedy is on motion to dismiss in proper season for which a mandamus to vacate cannot be substituted.

For this reason it is ordered, adjudged and decreed that the preliminary restraining order herein made be rescinded and that the application for mandamus be refused.

January 28th, 1907.

Rehearing refused Feb. 18, 1907.